# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERIC BROWN, #06376-089, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) Case No. 19-cv-00857-NJR |
| T.G. WERLICK, | ) ) ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Deric Brown, an inmate who is currently incarcerated at the United States Penitentiary located in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the validity of his sentence in *Unites States v. Brown,* No. 01-cr-00196-JPS-1 (E.D. Wis. 2002) ("Criminal Case"). Brown asserts that his sentence was unlawfully enhanced according to the ruling in *Mathis v. United States,* 136 S.Ct. 2243 (2016), and in violation of Section 403 of the First Step Act.

This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

## BACKGROUND

Brown pled guilty in 2002 to committing multiple bank robberies in violation of 18 U.S.C. §§ 2113(a) & (d) and two counts of brandishing a firearm during a crime of violence in violation of

1

18 U.S.C. § 924(c). (Doc. 1, pp 1-2). *See also Brown v. United States,* No. 16-cv-471-JPS, Doc. 3 (E.D. Wis. June 17, 2016) (response from the government to Brown's 2255 motion discussing Brown's criminal case). His appeal was dismissed for lack of jurisdiction because he filed his notice of appeal on October 3, 2005, years after the deadline to file an appeal under Rule 4(b) of the Federal Rules of Appellate Procedure. Criminal Case, Doc. 33.

Following the United States Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015), Brown filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 arguing that federal "armed bank robbery is not a 'crime of violence' as defined in Section 924(c); and, as such, his conviction for brandishing a firearm in relation to a crime of violence must be vacated." *Brown v. United States,* No. 16-cv-471-JPS, Doc. 5 (E.D. Wis. July 20, 2016). The district court denied the motion, and the Seventh Circuit Court of Appeals affirmed, holding that federal bank robbery constitutes a crime of violence under Section 924(c)(3)(A). *Brown v. United States,* No. 16-cv-471-JPS, Doc. 17 (E.D. Wis. July 20, 2016).

In Brown's criminal case, he received two of his convictions in the same indictment pursuant to Section 924(c) — "a first conviction carries a mandatory, consecutive term of imprisonment of 7 years, and a second carries an additional mandatory, consecutive term of imprisonment of 25 years". *Brown v. United States,* No. 16-cv-471-JPS, Doc. 3 (E.D. Wis. June 17, 2016) (response from the government to Brown's 2255 motion discussing Brown's criminal case); (Doc. 1, p. 1). In 2002 at the time of conviction, 18 U.S.C. § 924(c)(1)(A) provided that:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—…
>
> > (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years;…

(C) In the case of *a second or subsequent conviction under this subsection*, the person shall—

(i) be sentenced to a term of imprisonment of not less than 25 years…

18 U.S.C.A. § 924(c)(1) (2002) (West. 2019)(emphasis added). Since then, Congress has passed the First Step Act of 2018. First Step Act of 2018, Pub. L. No. 115-391, §403, 132 Stat. 5194, 5221-5222 (2018). The language of Section 924(c)(1)(C) was changed from "second or subsequent conviction under this subsection" to "violation of this subsection that occurs after a prior conviction under this subsection has become final." *Id.;* (Doc. 1, p. 5). These modifications to the language "eliminates the practice of 'stacking multiple § 924(c) charges in the same indictment to qualify for the 25-year mandatory minimum for a second or subsequent conviction under § 924(c)(1)(C)(i)' and allow 'the enhanced mandatory minimum…only if the prior qualifying § 924(c) conviction was final under a prior conviction.'" *Midkiff v. Warden, FCI-Edgerfield,* No. 19-cv-0077, 2019 WL 4894234 at *2 (D.S.C. Oct. 10, 2019) (quoting the Report and Recommendation).

## DISCUSSION

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Under very limited circumstances, a prisoner may employ 28 U.S.C. § 2241 to challenge his conviction and sentence. More specifically, Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). In order to trigger the savings clause, a petitioner must meet three conditions: (1) he must show that he relies on a new statutory interpretation case rather than a constitutional case; (2) he must show that he relies on a decision that he could not have invoked in

his first Section 2255 motion *and* that applies retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012). The Seventh Circuit has made it clear that "there must be some kind of structural problem with [S]ection 2255 before [S]ection 2241 becomes available. In other words, something more than a lack of success with a [S]ection 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels,* 784 F.3d 1123, 1136 (7th Cir. 2015).

Brown relies on *Mathis* as a new case of statutory interpretation. (Doc. 1, pp. 2, 3-4). He states that the changes to the language of Section 924(c)(1)(C) by the First Step Act do not establish a new rule but clarify the meaning of the term conviction to mean a finding of guilt. (*Id.* at p. 5). He claims that this modification is not a new rule of criminal procedure because the change was compelled by Supreme Court precedent, which states that it is "unambiguous that 'conviction' refers to the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction." *Deal v. United States,* 113 S. Ct. 129 (1993). He argues that the "Supreme Court was wrong, Congress has corrected the Court's Decision" and so the statutory changes should be applied retroactively. (Doc. 1; p. 5) (citing *Chaidez v. United States,* 133 S. Ct. 1103 (2013)). Brown also argues that a miscarriage of justice occurred when, within a single indictment, his first charge of brandishing a firearm was treated as a first conviction to support the second charge which enhanced his sentence to an additional 25 years. (*Id.* at p. 4).

For the reasons explained below, Brown has failed to satisfy the requirements necessary to challenge his conviction and sentence under Section 2241. First, the holding in *Mathis* is not directly applicable here. In *Mathis,* the Supreme Court held that the petitioner could not receive an enhanced sentence for being a felon in possession of a firearm based on previous state burglary convictions that encompassed a wider range of conduct than was criminalized under the "generic burglary" definition in the Armed Career Criminal Act, 18 U.S.C. § 924(e), ("ACCA"). 136 S. Ct. 2243. Brown was not

sentenced under the ACCA enhancement but was convicted of two counts of brandishing a firearm in the same indictment under Section 924(c), and so, *Mathis* does not represent a change in the law that is relevant to his circumstances. Second and most importantly, Section 924(c)(1)(C) the First Step Act states that "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act of 2018, Pub. L. No. 115-391, §403, 132 Stat. 5194, 5222 (2018). Therefore, the revisions are not retroactive.

Finally, Brown argues that even if the statutory change is considered a new substantive rule, the change should be applied retroactively because a "conviction or sentence imposed in violation of a substantive rule is not just erroneous but contrary to law and, as a result, void." (Doc. 1, p. 6) (quoting *Montgomery v. Louisiana,* 136 S.Ct. 718, 731 (2016)). Brown, however, was not convicted under an unconstitutional law. On the contrary, the previous language of § 924(c)(1)(C) has been upheld by the Supreme Court. *Deal v. United States,* 508 U.S. 129 (1993); *Greenlaw v. United States,* 128 S. Ct. 2559 (2008).

Because Brown has not met the requirements of the savings clause, Section 2241 is not the proper vehicle for review of his conviction and sentence, and the petition will be dismissed with prejudice.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DISMISSED with prejudice**.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he does choose to appeal and is allowed to proceed IFP, Petitioner will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be

determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for Petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 6, 2019**

                                                     *[signature]*

                                                  **NANCY J. ROSENSTENGEL**
                                                  **Chief U.S. District Judge**