IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERIC BROWN, #06376-089,<br><br>　　　　Petitioner,<br><br>v.<br><br>T.G. WERLICK,<br><br>　　　　Respondent. | Case No. 19-cv-00857-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Deric Brown filed a habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the validity of the sentence imposed in *United States v. Brown*, No. 01-cr-00196-JPS-1 (E.D. Wis. 2002) ("Criminal Case"). Brown argues that his sentence was unlawfully enhanced according to the ruling in *Mathis v. United States*, 136 S.Ct. 2243 (2016), and in violation of Section 403 of the First Step Act. The Court dismissed the petition on preliminary review because the argument made in the petition does not arise out of *Mathis* and the First Step Act does not apply to his conviction. (Doc. 5).

Now before the Court is Brown's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 7). The motion was filed within twenty-eight days of the entry of the order dismissing his petition and it will therefore be considered under Rule 59(e).

Altering or amending a judgment through Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Rule 59 motions are for the limited purpose of correcting a "manifest error," and "[a] 'manifest error' is not demonstrated by the disappointment of the losing party";

rather, "[i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and internal quotations omitted).

Brown first argues that the Court's decision has resulted in a manifest error of law and fact because this Court has allowed similar petitions to proceed after preliminary review in *Elem v. Werlich*, 19-cv-744-NJR, and *Curtis v. Werlich*, 19-cv-821-RJD. That is of no significance. Orders on preliminary review are just that—preliminary—and are not orders on the merits. Further, district court orders are not authoritative even within the district issuing the order. *Van Straaten v. Shell Oil*, 678 F.3d 486, 490 (7th Cir. 2012).

Brown next argues that the Court was incorrect in deciding that *Mathis* does not apply to his convictions for brandishing a firearm during a crime of violence (bank robbery) in violation of 18 U.S.C. § 924(c). *Mathis* concerns the method courts are to use in determining whether a prior conviction constitutes one of the violent felonies enumerated in the Armed Career Criminal Act, 18 U.S.C. § 924(e). *Mathis*, 136 S. Ct. at 2247. Brown was sentenced under Section 924(c), not the section at issue in *Mathis*, and the reasoning of *Mathis* does not extend to Section 924(c) because there are no enumerated crimes in Section 924(c). Because Brown makes no argument arising out of *Mathis* or any other new case of statutory construction, he cannot meet the *Davenport* requirements for bringing a Section 2241 petition. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

For these reasons, the Motion for Reconsideration (Doc. 7) is **DENIED.** Under Rule 59(e), Brown's filing of his motion (Doc. 7) suspended the deadline for him to appeal the dismissal of this case. Therefore, if he wishes to appeal the dismissal of his habeas petition, his notice of appeal must now be filed with this Court within 60 days of the date

of this Order. FED. R. APP. P. 4(a)(1)(B) and 4(a)(4)(A). A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Brown does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2).

It is not necessary for Brown to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:   April 6, 2020**

*Nancy J. Rosenstengel*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**